UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH W. MITCHELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-10546** |
| **DARREL VANNOY, WARDEN** | **SECTION "F"(2)** |

## REPORT AND RECOMMENDATION

This matter is before the court on a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 from the petitioner's 2013 conviction and sentence for aggravated rape and cruelty to persons with infirmities. Petitioner, Kenneth W. Mitchell, alleges that he was convicted in the Fourth Judicial District Court for Morehouse Parish, Louisiana. Rec. Doc. No. 1, Petition at p. 1. Morehouse Parish is located within the Western District of Louisiana. 28 U.S.C. § 98(c). Petitioner is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana Parish within the Middle District of Louisiana. 28 U.S.C. § 98(b).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. Carmona v. Andrews, 357 F.3d 535, 537 (5th Cir. 2004); Webb v. Beto, 362 F.2d 105, 108 (5th Cir. 1966), cert. denied, 385 U.S. 940, reh'g denied, 386 U.S. 930 (1967). Thus, this court lacks subject matter jurisdiction to consider Mitchell's petition, since he is not incarcerated in this district, either at the time he filed his complaint or currently, and he was not convicted or sentenced in this district. Mitchell has no discernable connection with this district.

In addition, however, because this court lacks jurisdiction, it also lacks authority to transfer the petition to the either the Western District of Louisiana, where Mitchell was convicted, or the Middle District of Louisiana, where he currently is incarcerated, either of which being a district where the petition may properly be filed. Although some courts have held that such transfer orders may be made, United States ex rel. Ayala v. Tubman, 366 F. Supp. 1268, 1269-71 (E.D.N.Y. 1973); United States ex rel. Ruffin v. Mancusi, 300 F. Supp. 686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus petitioner files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel. Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling),

prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute. 366 F. Supp. at 1270.

While there is certainly case law authority to support transfer of this case to the Western or Middle Districts of Louisiana, a literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in Webb that the statute is jurisdictional, persuades me that because this court lacks subject matter jurisdiction, it should not address the case further. Accord Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction.) "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Mitchell's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief he must file his petition in either the Middle District of Louisiana in Baton Rouge or the Western District of Louisiana in Shreveport.

In the alternative, **IT IS RECOMMENDED** that, if the district judge determines that transfer is the preferable remedy, the case be transferred to the Western District of Louisiana, where petitioner was convicted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this \_\_\_14th\_\_\_ day of November, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE